Filed 1/15/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B343556 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA084595-02) |
| v. | |
| JOHN ROSS CRAIG, | |
| Defendant and Appellant. | |

     APPEAL from an order of the Superior Court of Los Angeles County, Altus W. Hudson, Judge.  Reversed with directions.

     Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

     Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Attorney General, and Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

In 2015 John Ross Craig pleaded no contest to two counts of second degree robbery and admitted that a principal personally used a firearm, within the meaning of Penal Code section 12022.53, subdivisions (b) and (e)(1),[1] and that he had a prior felony conviction that was a serious or violent felony within the meaning of the three strikes law and a serious felony within the meaning of section 667, subdivision (a)(1).  The trial court sentenced Craig to a prison term of 23 years.

In 2024 Craig filed a petition for recall and resentencing under section 1172.1.  After reviewing Craig's petition and the prosecutor's opposition, and hearing argument from counsel, the superior court denied Craig's petition.  Craig appealed, arguing the superior court abused its discretion in denying his request for resentencing.  The People argue that the order denying Craig's petition is not appealable and that, in any event, the court did not abuse its discretion.  We conclude that the order is appealable and that the superior court erred by applying an incorrect legal standard in deciding whether to resentence Craig under section 1172.1.  Therefore, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *Craig Pleads No Contest to Robbery, and the Trial Court Sentences Him*

In June 2012 Craig and two confederates entered a clothing store, told seven employees at gunpoint to lie face down on the

---

[1]     Statutory references are to the Penal Code.

2

floor, and ordered the store manager to open the door to the office and place money in a bag.  When the three robbers tried to leave, they saw police had surrounded the store.  They took the employees' wallets and phones and negotiated with police for two hours before surrendering.

The People charged Craig with five counts of kidnapping to commit robbery (§ 209, subd. (b)(1)), seven counts of second degree robbery (§ 211), and one count of attempted second degree robbery (§§ 211, 664).  The People alleged, for all counts, that a principal personally used a firearm, within the meaning of section 12022.53, subdivisions (b) and (e)(1), and that Craig committed each crime for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, within the meaning of section 186.22, subdivision (b)(1).  The People also alleged that Craig had a prior conviction for a felony that was a serious or violent felony, within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and a serious felony, within the meaning of section 667, subdivision (a)(1), and that he had served two prior prison terms, within the meaning of section 667.5, former subdivision (b).

Craig pleaded no contest to two counts of second degree robbery and admitted that a principal personally used a firearm, within the meaning of section 12022.53, subdivisions (b) and (e)(1), and that he had a prior felony conviction that was a serious or violent felony within the meaning of the three strikes law and a serious felony within the meaning of section 667, subdivision (a)(1).  The trial court sentenced Craig to an aggregate prison term of 23 years.  On the first robbery

conviction the court imposed a term of six years (the middle term of three years, doubled under the three strikes law), plus 10 years for the firearm enhancement and five years for the serious felony enhancement. On the second robbery conviction the court imposed a consecutive term of two years (one-third the middle term of three years, doubled under the three strikes law). The court dismissed the remaining counts and allegations.

B. *The Superior Court Denies Craig's Petition Under Section 1172.1*

In 2024 Craig, represented by retained counsel, filed a "petition to recall and resentence" under section 1172.1. Craig cited the following changes in the law: (1) Senate Bill No. 81, which amended section 1385 to require the court to consider specific mitigating factors when deciding whether to dismiss an enhancement in the interest of justice; (2) Senate Bill No. 1393, which amended section 667, subdivision (a), and section 1385, subdivision (b), to give the trial court discretion to dismiss a five-year enhancement for a prior serious felony conviction; and (3) Senate Bill No. 620, which amended section 12022.53 to give the trial court discretion to strike a firearm enhancement. Craig also asked the court to exercise its discretion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530 to dismiss his prior serious or violent felony conviction.

In support of his petition Craig attached his parole plans, letters of support, and laudatory prison "chronos."[2] Craig

---

[2] "A 'chrono' is an institutional documentation of information about inmates and inmate behavior." (*In re Shelton* (2020) 53 Cal.App.5th 650, 658, fn. 6.) It is short for "custodial

requested a "full resentencing hearing" under section 1172.1. The People opposed Craig's petition, arguing, among other things, Craig's "post-sentence conduct [did] not merit a reduction in sentence." The People submitted documents showing Craig had 13 rule violations in 10 different incidents between 2017 and 2023.

In November 2024 the superior court held a hearing, which Craig attended remotely. Counsel for Craig argued that Craig had "done a lot of great rehabilitative work," that his "parole plans were very, very extensive," that Craig "was only 22 years old" when he was convicted, and that he was 18 years old when he committed the prior serious or violent felony. Counsel for Craig acknowledged that Craig had rule violations, but argued that Craig had "appropriately identified" the cause of the violations and how he could "do better" and that, since a fighting violation in 2017, his violations had been "fairly minor." Counsel for Craig also stated Craig's codefendant had been resentenced and "had his five-year enhancement stricken without objection by the People."

The prosecutor argued Craig had not "made the type of changes needed" to merit resentencing. Referring to Craig's prison file, the prosecutor stated that Craig "repeatedly" had cellular devices in his prison cell, most recently in 2022, and that he violated a rule against sexual activity in the visiting room in 2018 during a visit by "the person who eventually became his wife." The prosecutor also expressed a lack of confidence in Craig's plan for employment, which the prosecutor characterized as Craig's wife promising to give him a position in her accounting

---

counseling chronology reports." (*In re Reed* (2009) 171 Cal.App.4th 1071, 1077.)

business.  Finally, the prosecutor recounted the details of the crime and asked the court not to reduce Craig's sentence "based upon all of the factors as presented, including the underlying crime," and Craig's age, criminal history, and conduct while incarcerated.

The superior court stated it "looked at the various documents, the history of the case, the fact that this was a plea agreement," and "the type of robbery that was involved in this case."  The court stated, "in short, the court believes that it is incumbent upon individuals who accept a particular plea agreement to live up to the bargain that they agreed upon."  Regarding the facts of the crime, the court stated:  "In this case people were held, they were searched, . . . they were bound with some kind of device, and I'm sure terrorizing those individuals and terrorizing the community."  The court continued:  "It is not as persuasive that a person was young because the community is still a victim to the activity of the individual."  Finally, the court stated:  "And the court is not particularly impressed with the fact that [Craig] has a job waiting for him.  The court simply believes that he should be held to the bargain that he agreed upon.  And so the court does not find it persuasive that [Craig] was young and that he has 'rehabilitated' himself.  So the court will not resentence [Craig] at this time."  The court denied the petition, and Craig timely appealed.

## DISCUSSION

A.    *Section 1172.1*

Section 1172.1 "is a statutory exception to the general rule that "'once a judgment is rendered and execution of the sentence

6

has begun, the trial court does not have jurisdiction to vacate or modify the sentence.”’” (*People v. Hodge* (2024) 107 Cal.App.5th 985, 992 (*Hodge*); see *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 [discussing the predecessor to section 1172.1].)  Under section 1172.1 the court may recall a sentence and resentence a defendant “at any time upon the recommendation of the secretary” of the Department of Corrections and Rehabilitation or other designated officials, or within 120 days of the date of commitment on the trial court’s own motion.  (§ 1172.1, subd. (a)(1).)  In addition, as amended effective January 1, 2024, section 1172.1, subdivision (a), authorizes the court to recall a sentence and resentence the defendant on its own motion “at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law.” (See Stats. 2023, ch. 446, § 2.)

Section 1172.1 does not authorize the defendant to initiate the recall and resentencing process.  The statute states: “A defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond.”  (§ 1172.1, subd. (c).)

B.    *The Superior Court’s Order Denying Craig’s Petition Is Appealable*

The People argue we should dismiss Craig’s appeal because the superior court’s order denying Craig’s petition is not appealable.  “The right to appeal is statutory only, and a party may not appeal a trial court’s judgment, order or ruling unless such is expressly made appealable by statute.”  (*People v. Loper* (2015) 60 Cal.4th 1155, 1159; see *People v. Olea* (2025)

115 Cal.App.5th 889, 897 (*Olea*).)  Though section 1172.1 requires a court, after "ruling on a referral authorized by this section," to advise a defendant of his or her right to appeal (§ 1172.1, subd. (d)), the statute "does not address whether a trial court's denial of a defendant's request for recall and resentencing under the section is appealable."  (*Olea*, at p. 897.)

Craig argues the order denying his petition under section 1172.1 is appealable under section 1237, subdivision (b), which authorizes a criminal defendant to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."  The People argue that, because Craig was not authorized to file a petition under section 1172.1, the court's order denying his unauthorized petition could not affect his substantial rights. The People rely on several cases where courts have held an order summarily denying the defendant's petition under section 1172.1 did not affect the defendant's substantial rights.  For example, in *Hodge*, *supra*, 107 Cal.App.5th 985 the defendant filed a request for recall and resentencing under section 1172.1, which the superior court denied in an order that "stated simply that '[t]he court respectfully declines to exercise its discretion to recall [the defendant's] sentence.'"  (*Hodge*, at p. 991.)  The court in *Hodge* dismissed the defendant's appeal, stating that, under section 1172.1, subdivision (c), the trial court does not have to rule on or respond to a defendant's unauthorized request for resentencing.  (*Hodge*, at pp. 991, 996.)  The court in *Hodge* concluded:  "If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one."  (*Id.* at p. 996; see *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045, 1047 [order stating the court would take "no action on" the defendant's request for

8

recall and resentencing under section 1172.1 was not appealable]; *People v. Roy* (2025) 110 Cal.App.5th 991, 995, 1001 [order dismissing the defendant's request under section 1172.1 and declining "to make its own motion for recall and resentencing" was not appealable]; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 692, 693 (*Faustinos*) [order stating the court did "'not have jurisdiction to consider'" the defendant's motion under section 1172.1 was not appealable].)

Craig argues *Hodge*, *Brinson*, *Roy*, and *Faustinos* are distinguishable because in each of those cases the superior court summarily denied the defendant's petition without considering briefs, hearing argument, or issuing a decision on the merits. *Olea*, *supra*, 115 Cal.App.5th 889, decided after briefing was completed in this case, supports Craig's position. In that case, after the defendant filed a petition under section 1172.1, the superior court appointed counsel to represent the defendant, counsel filed a brief asking the court to recall the defendant's sentence, and the People filed an opposition. (*Olea*, at p. 895.) At a hearing attended by counsel for the parties, the superior court stated it had received records from the prison, released the records to the defendant, ordered counsel for the defendant to provide copies to the People, and scheduled another hearing. (*Ibid.*) Counsel for the defendant submitted documents from the prison file, and the People filed a supplemental opposition. (*Id.* at pp. 895-896.) At the hearing on the petition for resentencing, which the defendant attended remotely, the court heard argument from counsel and stated "it would not 'exercise its discretion to recall [the defendant's] sentence.'" (*Id.* at p. 896.)

The defendant in *Olea*, *supra*, 115 Cal.App.5th 889 appealed, and the People argued the order was not appealable.

9

(*Id.* at p. 897.)  The court agreed with the defendant the case was "distinguishable from *Faustinos*, *Roy*, and *Hodge* where the trial courts did not hold hearings and simply issued orders indicating they were declining to act on the unauthorized petitions before them." (*Id.* at p. 902.)  In contrast to those cases, the superior court in *Olea* "took a number of procedural steps that did not take place in" *Faustinos, Roy*, and *Hodge*:  The court appointed counsel, released prison records to the parties, and scheduled a contested hearing, which the defendant attended remotely. (*Id.* at p. 901.)  In addition, the prison records, which the superior court in *Olea* described as "relevant," documented the defendant's "behavior and activities in prison, which are explicitly listed in section 1172.1, subdivision (a), as postconviction factors that the court 'shall' consider when evaluating the merits of a request to recall and resentence." (*Olea*, at p. 901.)  Moreover, the superior court in *Olea* "heard argument from both parties and made statements in its final ruling that reflected it had reviewed the original sentence in full, along with the briefs and attached exhibits." (*Ibid.*)  "Considering the entirety of the actions taken by the trial court following [the defendant's] initial petition—in conjunction with merit-based statements made at the contested final hearing, the trial court effectively evaluated and denied [the defendant's] petition on the merits, thus affecting [the defendant's] substantial rights. [Citation.]  Therefore, we conclude that the trial court's decision is appealable." (*Id.* at p. 902.)

We similarly conclude the superior court's order in this case affected Craig's substantial rights.  The superior court did not issue an order declining to consider Craig's unauthorized petition.  Instead, the superior court took most of the same

10

procedural steps the superior court in *Olea* did:[3] The court here stated it "review[ed] the moving papers [and] opposition" and "looked at the various documents, the history of the case." Those documents included Craig's plan for rehabilitation and reintegration, an employment offer, letters of support, and records documenting Craig's completion of rehabilitation programs in prison, as well as reports of Craig's rule violations— i.e., evidence of postconviction factors section 1172.1, subdivision (a)(5), requires the court to consider when evaluating the merits of a petition. After hearing argument from counsel at a hearing Craig attended remotely, the court denied the petition, not because the petition was unauthorized, but on the merits: The court stated it was declining to resentence Craig because the court believed Craig should be bound by his plea agreement and because during the robbery Craig terrorized the victims and the community.

Though it did not have to consider Craig's petition, the superior court not only considered it, but did so in much the same way section 1172.1 requires the court to respond to an authorized request, such as one initiated by the Secretary of the Department. In effect, the superior court accepted Craig's request to consider recalling his sentence and resentencing him on the court's own motion. (See *Baker v. Superior Court*, S286009, Supreme Ct. Mins., Oct. 2, 2024 (conc. stmt. of Evans, J., joined by five Justices) 2024 WL 4379679, at p. 1

---

[3] The only additional steps the superior court took in *Olea* were to appoint counsel (which was not necessary here because Craig had retained counsel), to release prison records to the parties (which was not necessary here because the parties already had them), and to hold two hearings rather than one.

11

["Defendants, although not expressly permitted to initiate recall and resentencing themselves [under section 1172.1], may nonetheless be able to 'invite' the court to exercise its discretionary powers"]; *People v. Roy*, *supra*, 110 Cal.App.5th at p. 998 ["Although section 1172.1 does state that a defendant is 'not entitled' to petition the court for relief, a defendant is not forbidden altogether from raising the issue with a court."]; *Faustinos*, *supra*, 109 Cal.App.5th at p. 696 ["nothing stops a defendant from requesting that the court initiate a section 1172.1 proceeding on its own motion"].)

Unlike *Hodge*, *Brinson*, *Roy*, and *Faustinos*, where the court "did not make a sentencing decision" (*Hodge*, *supra*, 107 Cal.App.5th at p. 998), in this case the superior court made a decision not to resentence Craig under section 1172.1. That decision affected Craig's substantial rights. (See *Hodge*, at p. 996 [though the court's decision not to rule on a defendant's petition under section 1172.1 does not affect the defendant's substantial rights, "defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated"]; see also *People v. Loper*, *supra*, 60 Cal.4th at p. 1168 [superior court's "denial of compassionate release was an order made after judgment that affected defendant's substantial rights," even though the defendant could not initiate the request].) Though there may be "no discernable criteria for an appellate court to evaluate a trial court's decision *not* to reconsider a sentence on its own motion under section 1172.1" (*Hodge*, at p. 998; see *Faustinos*, *supra*, 109 Cal.App.5th at p. 697), section 1172.1 provides criteria for evaluating the superior court's decision on the merits in this case. Therefore, the order denying Craig's petition is appealable under section 1237, subdivision (b).

12

The People argue "a superior court cannot transform a non-appealable order denying a section 1172.1 petition initiated by a defendant into an appealable one by addressing a matter that it did not need to address." But in the two cases the People rely on, the court summarily denied the defendant's request. First, in *People v. Gallardo* (2000) 77 Cal.App.4th 971 the defendant asked the court that sentenced him 15 years earlier to dismiss under section 1385 "charges that otherwise would be considered 'strikes' against the defendant in a new case." (*Id.* at p. 975.) In a minute order rejecting the defendant's request, the trial court stated the "'invitation [to consider striking some of the charges] is denied'" and listed five reasons the court would not consider the request. (*Id.* at p. 984.) The defendant argued that, though his request was unauthorized, the order was appealable "because of the reasons the court placed on the record." (*Ibid.*) The court in *Gallardo* disagreed, stating "appealability depends upon the nature of the decision made, not the court's justification for its ruling." (*Id.* at p. 985.)

Second, in *Faustinos*, *supra*, 109 Cal.App.5th 687 the court responded to the defendant's petition under section 1172.1 by issuing an order "stating it '[did] not have jurisdiction to consider [the] motion.'" (*Faustinos*, at p. 693.) The defendant argued the court's order was appealable because the court might have "erroneously believed that it lacked the authority to act on its own motion." (*Id.* at p. 697.) The court in *Faustinos* stated: "As in *Gallardo*, we do not think that the court can transform a nonappealable order (stating that it would not act on an unauthorized motion) into an appealable one by addressing a matter that it needed not address (its jurisdiction to act on its own), even if it was wrong about that matter." (*Id.* at p. 698.)

13

Neither *Gallardo* nor *Faustinos* supports the People's argument the order denying Craig's petition is not appealable. In each of those cases the court issued an order summarily denying the defendant's request and briefly explaining the reason(s). Here, as discussed, the superior court considered and denied Craig's request for resentencing on the merits, thus affecting his substantial rights.

The People also argue the superior court's order did not affect Craig's substantial rights because the hearing was not "a formal contested resentencing hearing under section 1172.1, subdivision (a)(9)." Instead, the People argue, the court held a hearing "to aid the trial court in making its initial determination on whether to exercise its authority, on its [own] motion, to recall" Craig's sentence. Had the court conducted a formal contested resentencing hearing, the People assert, Craig would have had to present admissible evidence, but his petition and exhibits "contained only unauthenticated exhibits and unsworn hearsay."

The People cite no authority for their contention section 1172.1 requires the court to conduct a formal evidentiary hearing governed by the rules of evidence. (Compare § 1172.1, subd. (a)(9) ["Resentencing shall not be denied . . . without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection."] with § 1172.6, subd. (d)(3) [at "the hearing to determine whether the petitioner is entitled to relief," the "admission of evidence in the hearing shall be governed by the Evidence Code," and "hearsay evidence that was admitted in a preliminary hearing . . . shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule"].) And in any

14

event, the issue is not whether the superior court held a formal contested resentencing hearing under section 1172.1, subdivision (a)(9), but whether the court's order affected Craig's substantial rights, which, as discussed, it did.

>C.  *The Superior Court Erred in Denying Craig's Request To Recall His Sentence and Resentence Him Under Section 1172.1*

Craig argues the superior court abused its discretion because the court's "primary reason for denying resentencing was 'that it is incumbent upon individuals who accept a particular plea agreement to live up to the bargain that they agreed upon.'" We review the superior court's decision whether to recall a defendant's sentence for abuse of discretion.  (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082; *People v. McCallum* (2020) 55 Cal.App.5th 202, 211.)  "'[W]hen a trial court's decision rests on an error of law, that decision is an abuse of discretion.'" (*People v. Patterson (*2017) 2 Cal.5th 885, 894.)

As an initial matter, the People argue Craig forfeited his argument by not objecting after the superior court ruled it was denying his petition because he had agreed to his sentence.  (See *People v. Scott* (1994) 9 Cal.4th 331, 356 ["complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal"].)  In his brief and at the hearing, however, Craig argued section 1172.1 allowed the court to resentence a defendant whose sentence was imposed after a plea. That was sufficient to preserve his argument the superior court erred in relying on the fact he entered into a plea agreement. (See *People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225

[defendant did not forfeit his argument where, "both in the sentencing position memorandum and during the resentencing hearing, defense counsel advocated for the same legal standard" the defendant advanced on appeal]; *People v. Panozo* (2021) 59 Cal.App.5th 825, 840 [defendant did not forfeit his argument where he did "not challenge the manner in which the trial court *exercised* its sentencing discretion but rather its apparent misapprehension of statutory sentencing obligations"].)  Failing to object to an erroneous ruling after the court has rejected your argument is not forfeiture.

And the superior court's ruling was erroneous.  As discussed, the superior court ruled defendants like Craig are not entitled to relief under section 1172.1 because they should be bound by plea bargains they agree to.  Section 1172.1, however, authorizes the court to resentence defendants who were convicted by plea.  Section 1172.1, subdivision (a)(3), states the court may resentence a defendant "regardless of whether the original sentence was imposed after a trial or plea agreement."  (See *People v. Arias* (2020) 52 Cal.App.5th 213, 221 ["trial courts are not bound by the terms of an earlier plea agreement when resentencing under" (the predecessor to) section 1172.1]; see also *Doe v. Harris* (2013) 57 Cal.4th 64, 66 ["That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them."].)  By denying Craig's petition because he agreed to his sentence as part of a plea bargain, the superior court applied an incorrect legal standard and abused its discretion.  (See *People v. Knoller* (2007) 41 Cal.4th 139, 156 ["an abuse of discretion arises if the trial court based its decision on impermissible factors [citation] or on an incorrect legal

16

standard"]; *People v. Carmony* (2004) 33 Cal.4th 367, 378 [a court abuses its discretion where it considers "impermissible factors" in making a discretionary sentencing decision].)

The People ask us to interpret the superior court's comments to mean the court believed Craig should be held to the plea bargain "because the violent circumstances of the case—the victims were bound and terrorized—outweighed any mitigating effect of [Craig's] youth at the time of the crimes, his assertion that he had '"rehabilitated" himself,' and his claim that he had a job waiting for him." The record does not support the People's proposed interpretation of the court's statements. Though the court mentioned the details of the robbery, Craig's youth, and his claims he had rehabilitated himself and had a job offer, the court emphasized the plea bargain more than any other factor. As stated, in announcing its ruling the court said "it is incumbent upon individuals who accept a particular plea agreement to live up to the bargain that they agreed upon." And after discussing the other factors, the court reiterated it would hold Craig to his bargain. The court's comments make clear the court found Craig's agreement to the plea bargain was the dispositive factor, making Craig's age and prison record immaterial.

The People also argue that, though section 1172.1 requires the superior court to consider postconviction factors, the "weight to be given each factor is within the court's discretion." (See § 1172.1, subd. (a)(5) [the court "shall consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated"].) True, the superior court had discretion to weigh evidence of postconviction factors. But the court did not have discretion to disregard those factors in favor of enforcing a plea bargain in

17

derogation of unambiguous statutory language.  (See *People v. Avila* (2020) 57 Cal.App.5th 1134, 1141 [trial court abused its discretion in denying the defendant's motion to strike his prior serious or violent felony convictions by "consider[ing] impermissible factors" and "not consider[ing] relevant ones"]; *People v. Torres* (2020) 48 Cal.App.5th 550, 560 ["By denying defendant's request for a compassionate release because the trial court believed he did not deserve to be released due to his past, the nature of his offense, and his belated lack of remorse, the trial court relied on inappropriate considerations and, in turn, abused its discretion."].)[4]

Finally, the superior court's error was not harmless because it is reasonably probable Craig would have obtained a more favorable result had the court not relied exclusively on the fact he was convicted on his plea.  (See *People v. Watson* (1956) 46 Cal.2d 818, 836.)  As discussed, Craig submitted evidence that he was 22 years old at the time of the crime and that, notwithstanding some rule violations, he had completed rehabilitative programs in prison and had post-release job prospects.  Had the court considered those factors, as section 1172.1 required, it is reasonably probable the court would have modified Craig's sentence.  (See *People v. Gonzalez, supra,* 103 Cal.App.5th at p. 231 [error was prejudicial where the "trial

_____

[4]     In addition, because Craig was under 26 years old when he committed the robbery, section 1172.1 required the court to consider whether Craig's youth was "a contributing factor in the commission of the offense."  (§ 1172.1, subd. (a)(5).)  Though the court acknowledged Craig's youth at the time of the crime, the court did not address whether Craig's age was a contributing factor.

18

court gave no indication of how it would rule if" it applied the correct legal standard].)  Significantly, the People do not argue otherwise.

## DISPOSITION

The order denying Craig's petition under section 1172.1 is reversed.  The superior court is directed to conduct a new resentencing hearing in accordance with section 1172.1.


SEGAL, J.

We concur:


MARTINEZ, P. J.


STONE, J.

19